Gaston, J.
 

 This case has been submitted here upon the exceptions taken in the County Court, and we have accordingly examined them. Several of these create no difficulty, and may readily be disposed of. Among these are
 
 thq first
 
 and
 
 fourth,
 
 which except to the said report, the
 
 first,
 
 because it does not appear that previous legal notice was given to Heart to attend, at the time when the processioning was first attempted, and the processioner forbidden by him to proceed ; and
 
 ihe fourth,
 
 that it does not appear that legal' notice was given to him to attend the commissioners, when about to procession under the order of court, or that he had knowledge of the issuing of the commission. It is a plain principle of law founded on reason, that when a person, entitled to notice of any judicial proceeding, actually attends thereat and takes no exception for want of notice, he waives all objection for the want or insufficiency thereof. A voluntary appearance saves the necessity of service of process. 1 Hay. 405. As to the knowledge of the issuing of the commission, the report of the processioner, that he had been stopped by the defendant in running the disputed line, constituted between the parties claiming and disputing that line,
 
 *27
 
 a cause of record, and each must be presumed to know what is judicially done therein.
 
 Wilson
 
 v
 
 Shuford,
 
 3 Mur. 504.
 
 Carpenter
 
 v Whitworth, 3 Ired. 204. The
 
 second
 
 exception, for that the report is not made by the persons named in the commission, is altogether unfounded in fact. The persons
 
 named
 
 in the commission and those
 
 named
 
 in the report are identical; and the only pretext for the exception is, that one of them, “Henry Eakley,”did not, in attaching his
 
 signature
 
 to the report, write his Christian name at full length. • The
 
 third
 
 and
 
 ninth
 
 exceptions are untenable, for they are not shewn to be founded in fact. — . The
 
 third
 
 is, for that two of the commissioners were of kin to the plaintiff, and the
 
 ninth,
 
 for that the legal ownership of the lands in dispute was in the heirs of Robert Williams, and they had no notice of the proceedings. Now of either of these allegations uo;evidence was offered, nor was either of the exceptions supported by affidavit. .But, besides, the matter of the
 
 third
 
 exception, which is in the nature of a challenge, ought to have been brought forward when the appointment of commissioners was made; and as to the ob« jection made in the
 
 ninth
 
 exception, it is enough that before the processioner the defendant claimed the land to be his, and the adjudication of the commissioners affects only the rights of the parties contesting. The
 
 seventh
 
 exception is* for that the commissioners, instead of reporting that they had
 
 processioned
 
 the line in dispute, reported that they had
 
 possessioned the
 
 same. We have no hesitation in overruling this exception. The context puts the meaning beyond all doubt. That shews that, in obedience to the order of the court, they proceeded with the processioner to run the line from the post-oak “South eighty-eight'degrees West seventy-eight chains and forty-two links to the Yadkin river bank to a white oak, and did establish the line in dispute between the said parties as above.” This
 
 is
 
 processioning, and the term, to which objection has been taken, may be re* jected as superfluous.
 

 The remaining exceptions, which need not be separately considered, present the material enquiry, whether the pro?
 
 *28
 
 ceedings set forth with sufficient certainty the matter in dis-Pute ^etween ^ie contending parties and the finding of the commissioners thereon, so as to warrant the court in order-jng ¡^e same to be recorded, and adjudging costs against the party failing in the contest. And first with respect to the subject in dispute; are the respective claims and allegations of the parties so stated, that it may plainly appear upon what matter they are at issue ? We are of opinion that, although this is not done in the most approved form, it nevertheless appears with reasonable certainty. The processioner reports that he commenced to run the land claimed by the-plaintiff at a hickory stump, on the east bank of the river, and ran out the first line therefrom North eighty-five degrees East (within five degrees of a due east course) forty chains twenty-one links to a black oak, Bonner’s corner ; that he then run thence a second line, North two and an half dc* grees West (that is, very nearly north) sixty-five chains eighty five links to a post-oak, and thus far it appears that there was no dispute. He further states, that he was then proceeding to run the third line, that is to say, from the post-oak, South eighty-eight degrees "West seventy-eight chains to a white-oak on the bank of the river — and he must b.e understood as being about to run this as the line claimed by Miller — and that he was forbidden so to do by the defendant Heart, who “ contended” that the land was his, that
 
 it
 
 runs from the post-oak, South eighty seven and a half de^ groes West fifteen .chains, thence South. Now upon this, we think it manifestly appears, that Miller-claimed that the third line of his tract ran from the post-oak South eighty-eight degrees West seventy-eight chains to a white-oak on bank of the river, North of the hickory stump his beginning corner on the river, and that Heart insisted that it ran South
 
 S7i
 
 degrees West fifteen chains only, and thence with-regard to the river, turned off to the South' — and that the between the line as claimed by Miller and the line, as asserted it ought to run, was his, Heart’s land. These then the respective allegations of the parties as to a dividing line between them, and the matter in issue was,
 
 *29
 
 which oí these two alleged lines was the true one. The proeessioner was forbid to run the line as claimed by the plaintiff, because, by so doing, the defendant alleged that the proeessioner would go upon
 
 his
 
 land, for that it (meaning
 
 the line)
 
 ought to run a different course and distance, viz. the course and distance insisted on by the defendant. As technical forms are not required, the report of the processiorter we hold to be sufficiently certain. There is less difficulty with respect to the report of the commissioners. The only objection to it, except the hypercritical one before noticed founded on the substitution of the word “possession” for “procession,” is, that they make the distance on the line from the post-oak to the white-oak, claimed by the plaintiff, forty-two links of a chain greater than the distance which the plaintiff claimed to run, in order to reach that white-oak. This affects not, in the slightest degree, the controversy between the parties. The commissioners have established the line as claimed by the plaintiff, for they establish the same
 
 termini
 
 and the same course to be the
 
 termini
 
 and course thereof, and whether the distance by actual measurement does or does not exceed that claimed or called for, forty-twp links is wholly immaterial.
 

 Upon the whole matter, this court is of opinion, that there was error in setting aside the report of the the commissioners, and directs this to be so certified to .the Superior Court, The defendant must pay the costs of the appeal.
 

 Per Curiam, Ordered accordingly,